**EXHIBIT A**

AO 93  (SDNY Rev. 01/17) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No.
)
See Attachment A-1 )
)
)

## SEARCH AND SEIZURE WARRANT

To:  Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ New York _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment A-1

The search and seizure are related to violation(s) of *(insert statutory citations)*:

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____ 11/20/24 _____
*(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10 p.m.  ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court.
✓ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court.
*USMJ Initials*

☑ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☑ for ___30___ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: 11/6/24, 8:18 pm

_____
*Judge's signature*

City and state:  New York, NY

Jennifer L. Willis , USMJ
_____
*Printed name and title*

AO 93  (SDNY Rev. 01/17) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| Certification |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the Court. |

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A-1

### I.  Premises to be Searched—Subject Premises-1

**Subject Premises-1**, a residence of Carlisle Rivera, is a residence located in an attached multi-family home in Brooklyn, New York, having the address 588 Warwick Street, Brooklyn, New York 11207. The multi-family residence is located on the west side of Warwick Street between Blake Avenue and Dumont Avenue, and is blue with a white garage. Immediately to the north of 588 Warwick Street is an attached residence with the same colors and the street address 586 Warwick Street. An aerial photograph of 588 Warwick Street is shown below, identified by a pin and circled in red:



588 Warwick Street has two units, and each unit is accessible via a separate door. **Subject Premises-1** is the ground-level unit accessed from a door beneath and external staircase that leads to the second-floor residence. A black mailbox with the number "588" is affixed to the right of the entrance to the second-floor residence. An unnumbered black mailbox is affixed to the right of the entrance to **Subject Premises-1**. A photograph of the exterior of 588 and 586 Warwick Street is below, with the door to **Subject Premises-1** enclosed in a red box.



The attached multi-family home has a fence constructed separating the public sidewalk from the property, shown in the image below:



**Subject Premises-1** is a residence located in an attached multi-family home in Brooklyn, New York. The multi-family home is blue with a white garage and is attached to a near mirror image building to the right; 586 Warwick Street. The attached multi-family home at 588 Warwick Street has two units, and each unit is accessible via a separate door. The door to **Subject Premises-1** is located on the ground floor below a black and white staircase, and there is a black mailbox with the number "588" affixed above it on the right side of the door. The door to **Subject Premises-1** is circled in a red box in the image below.

2



The multi-family home currently has a fence constructed separating the public sidewalk from the property, shown in the photograph below:



**Subject Premises-1** is on the west side of Warwick Street in between Blake Avenue and Dumont Avenue. An aerial map showing **Subject Premises-1** is below, identified by a pin and circled in red.



## II.   Items to Be Seized

### A.   Evidence, Fruits, and Instrumentalities of the Subject Offenses

The items to be seized from **Subject Premises-1** consist of the following evidence, fruits, and instrumentalities of Title 21, United States Code, Sections 841 and 846 (distribution of controlled substances and conspiracy to commit same), and Title 18, United States Code, Sections 922(a) (illegal firearms trafficking and transportation), 922(g) (possession of a firearm or ammunition by a felon), 922(k) (possessing a firearm with an obliterated serial number), 924(c) (carrying, using, and possessing a firearm during and in relation to, or in furtherance of, a crime of violence or drug trafficking crime), 1956 (money laundering), 1958 (murder-for-hire), and 2339B (material support for a foreign terrorist organization); and Title 50, United States Code, Section 1705 (violations of economic sanctions and national security controls); including attempts to commit, conspiring to commit, and aiding and abetting the commission of those offenses (the "Subject Offenses") described as follows:

1.      Evidence concerning occupancy or ownership of **Subject Premises-1**, including without limitation, utility and telephone bills, mail envelopes, addressed correspondence, diaries, statements, identification documents, address books, telephone directories, and keys;

2.      Evidence concerning the purchase, sale, ownership, or possession of illegal narcotics, including without limitation, controlled substances, controlled-substances paraphernalia such as scales and small plastic bags, and books, records, receipts, correspondence, communications, notes, ledgers, photographs, and other papers or documents associated with the purchase or sale of illegal narcotics;

4

3.      Proceeds from the illegal sale of narcotics, including United States currency, precious metals, jewelry, and financial instruments, including money orders, certificates of deposit, and stocks and bonds;

4.      Evidence concerning the identity or location of, and communications with, co-conspirators and/or individuals involved in the Subject Offenses.

5.      Evidence concerning the location of illegal narcotics and narcotics proceeds, including Internet searches and browsing history related to the Subject Offenses;

6.      Evidence, including documents, spreadsheets, and ledgers, identifying and/or tracking co-conspirators, narcotics, narcotics proceeds, and accounts used to receive, transfer, or launder narcotics proceeds;

7.      Bank records, checks, credit card bills, account information, and other financial records relating to the Subject Offenses;

8.      Evidence concerning the identity or location of, and communications with, co-conspirators;

9.      Evidence concerning the relationships between and among co-conspirators;

10.     Evidence concerning financial transactions in relation to the Subject Offenses, including evidence of or communications relating to ledgers, tokens, receipts, hawala transactions, and other cash or financial transactions;

11.     Evidence concerning travel in relation to the Subject Offenses;

12.     Evidence concerning tradecraft, including in order to conceal the identities, travel, location, communications, or financial transactions by co-conspirators, in relation to the Subject Offenses;

13.     Evidence concerning the use of false identities and aliases in relation to the Subject Offenses;

14.     Evidence concerning the use of others' names, identifying information, and financial accounts in relation to the Subject Offenses;

15.     Evidence concerning the use of rental cars, multiple cars, or multiple license plates in relation to the Subject Offenses;

16.     Evidence concerning research in relation to the Subject Offenses;

17.     Evidence concerning surveillance, including but not limited to, clothing and food and gasoline receipts, in relation to the Subject Offenses;

18.     Firearms and weapons and evidence concerning the possession, use, ownership, transfer, purchase, sale, or alteration of firearms and weapons in relation to the Subject Offenses;

5

19.    Evidence concerning foreign governments, foreign government officials, intelligence agencies, and intelligence officers or assets in relation to the Subject Offenses;

20.    Evidence concerning the Government of Iran, officials or agents of the government of Iran, and any individuals or entities working for their benefit or on their behalf in relation to the Subject Offenses;

21.    Evidence concerning the use of facilities of interstate or foreign commerce in relation to the Subject Offenses;

22.    Evidence concerning the supply of goods or services directly or indirectly to Iran or the Government of Iran in relation to the Subject Offenses;

23.    Evidence concerning sanctions against Iran or the Government of Iran;

24.    Evidence concerning Victim-1, Victim-1's family members or associates, or Victim-1's current or former residences;

25.    Evidence concerning other communication or data storage facilities or physical premises and storage facilities, including safe deposit boxes, used by the user of the Subject Account and their associates or co-conspirators, and passwords, encryption keys, biometric keys, and other access devices, or other information needed to access the user's electronic devices or other online accounts;

26.    Any safes, key-lock strong boxes, suitcases, containers, traps, and other boxes or instruments secured by combination and/or key locks of various kinds that may contain the items described above;

27.    Firearms, ammunition, and other weapons; and

28.    Evidence concerning any online accounts or any electronic devices where evidence falling within the foregoing categories could be stored, including any passwords or encryption keys needed to access such evidence.

**B. Search and Seizure of Electronically Stored Information**

The items to be seized from **Subject Premises-1** also include any computer devices and storage media that may contain any electronically stored information falling within the categories set forth in Section II.A of this Attachment above, including, but not limited to, desktop and laptop computers, disk drives, modems, thumb drives, personal digital assistants, smart phones, digital cameras, and scanners. In lieu of seizing any such computer devices or storage media, this warrant also authorizes the copying of such devices or media for later review.

Included within the items to be seized from **Subject Premises-1** are:

1.    Any items or records needed to access the data stored on any seized or copied computer devices or storage media, including but not limited to any physical keys, encryption devices, or records of login credentials, passwords, private encryption keys, or similar information.

6

2.      Any items or records that may facilitate a forensic examination of the computer devices or storage media, including any hardware or software manuals or other information concerning the configuration of the seized or copied computer devices or storage media.

3.      Any evidence concerning the identities or locations of those persons with access to, control over, or ownership of the seized or copied computer devices or storage media.

### C. Review of ESI

During the execution of this warrant, law enforcement personnel are authorized to obtain from Carlisle Rivera the display of any physical biometric characteristics (such as fingerprint/thumbprint or facial characteristics) necessary to unlock any device(s), including to (1) press or swipe Rivera's fingers (including thumbs) to the fingerprint scanner of the device(s) found; (2) hold the device(s) found in front of Rivera's face to activate the facial recognition feature; and/or (3) hold the device(s) found in front Rivera's face to activate the iris recognition feature, for the purpose of attempting to unlock the device(s) in order to search the contents as authorized by this warrant.

Following seizure of any computer devices and storage media and/or the creation of forensic image copies, law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained therein for information responsive to the warrant.

In conducting this review, law enforcement personnel may use various techniques to locate information responsive to the warrant, including, for example:

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;

- scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files;

- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the computer was used.

Law enforcement personnel will make reasonable efforts to search only for files, documents, or other electronically stored information within the categories identified in Sections

7

II.A and II.B of this Attachment. However, law enforcement personnel are authorized to conduct a complete review of all the ESI from seized devices or storage media if necessary to evaluate its contents and to locate all data responsive to the warrant.