UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :

UNITED STATES OF AMERICA        :
                                           :              CONSENT PRELIMINARY
              - v. -                          :              ORDER OF FORFEITURE AS TO
                                           :              SPECIFIC PROPERTY/
CARLISLE RIVERA,                       :              MONEY JUDGMENT
   a/k/a "Pop,"                            :
                                           :              S1 24 Cr. 670 (LJL)
                          Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about October 17, 2025, CARLISLE RIVERA, a/k/a "Pop" (the "Defendant"), was charged in a two-count Superseding Information, S1 24 Cr. 670 (LJL) (the "Information"), with conspiracy to commit murder-for-hire in violation of Title 18, United States Code, Section 1958 (Count One); and conspiracy to commit stalking in violation of Title 18, United States Code, Section 371 (Count Two);

        WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2641(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

        WHEREAS, on or about October 17, 2025, the Defendant pled guilty to Counts One and Two of the Information pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 26, United States Code, Section 2651, all property, real or personal, which constitutes or is derived

from proceeds traceable to the commission of the offense charged in Count One of the Information, including, but not limited to, a sum of money equal to $3,745.37 in United States currency, representing the amount of proceeds the defendant obtained from the commission of the offense charged in Count One of the Information; and

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $3,745.37 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in any and all firearms and ammunition involved in or used in the offense charged in Count One of the Information, including but not limited to:

a. A black Taurus PT 738 .380 ACP firearm bearing serial number 12096E, seized by the Federal Bureau of Investigation ("FBI") on or about November 7, 2024, from the Defendant's residence at 588 Warwick Street, Brooklyn, NY 11207 (the "Defendant's Residence");

b. A black Taurus PT 738 .380 ACP magazine with six "380 Auto" bullets, seized by the FBI on or about November 7, 2024, from the Defendant's Residence; and

c. Five "380 Auto" bullets, seized by the FBI on or about November 7, 2024, from the Defendant's Residence;

((a.) through (c.) collectively, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its

possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Jacob H. Gutwillig and Michael D. Lockard, of counsel, and the Defendant and his counsel, Christopher Gunther, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $3,745.37 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant CARLISLE RIVERA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn:

Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney
Southern District of New York

By: _____        1/23/26
Jacob H. Gutwillig / Michael Lockard         DATE
Assistant United States Attorneys
26 Federal Plaza, 37th Floor
New York, NY 10278
(212) 637-2215 / -2193


CARLISLE RIVERA

By: _____        1/28/26
Carlisle Rivera                             DATE

By: _____        1/28/26
Christopher Gunther, Esq.                   DATE
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001-8602
Counsel for Carlisle Rivera


SO ORDERED:

_____            1/28/2026
HONORABLE LEWIS J. LIMAN                  DATE
UNITED STATES DISTRICT JUDGE